IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JUL - 1 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 3:05CR500–HEH |
| ) | |
| LEROY N. INGRAM, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

Leroy N. Ingram was convicted of possession with intent to distribute five grams or more of a mixture and substance containing detectable amounts of cocaine base and was sentenced to 360 months of imprisonment. (ECF No. 23.)

By Memorandum Opinion and Order entered on July 31, 2009, the Court denied a 28 U.S.C. § 2255 motion filed by Ingram. (ECF Nos. 51, 52.) On June 2, 2016, the Court received from Ingram a successive, unauthorized 28 U.S.C. § 2255 motion wherein he that argues he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 73.) By Memorandum Opinion and Order entered on June 8, 2016, the Court dismissed the § 2255 motion for want of jurisdiction because the Court had not received authorization from the United States Court of Appeals for the Fourth Circuit to file Ingram's June 2, 2016 motion. On June 27, 2016, the Court received from Ingram a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 77.)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Ingram attempts to argue that his prior § 2255 was not successive because "his first petition was not decided on the merits" because it was dismissed as untimely. (Rule 59(e) Mot. 1–2.) This is simply incorrect. The dismissal of a § 2255 motion on the ground of untimeliness is a dismissal on the merits for the purposes of § 2244. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (citations omitted). Ingram fails to demonstrate any basis for granting relief under Rule 59(e). Accordingly, Ingram's Rule 59(e) Motion (ECF No. 77) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 1, 2016
Richmond, Virginia